METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK et al., as Trustees under the Will of HEBER R. BISHOP, Deceased, Appellants, *v.* MARY C. BISHOP et al., Defendants.

### ABIGAIL H. BISHOP, Respondent.

*Appeal — questions certified — where no question certified embraces facts necessary to support order appealed from and there is no question certified which can be answered Yes or No and which would determine the appeal, said appeal should be dismissed.*

*Metropolitan Trust Co. of N. Y.* v. *Bishop,* 206 App. Div. 164, appeal dismissed.

(Argued February 1, 1924; decided April 1, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1923, which reversed an order of Special Term denying a motion by respondent herein for leave to intervene as a party defendant and granted said motion.

The following questions were certified:

" *First.* Heber R. Bishop, who died December 2, 1902, by the 8th paragraph of his will gave his residuary estate to trustees in trust, to divide the same into eight parts or shares and to hold one of said parts or shares, in trust, for the benefit of each of his children during his or her life. In said 8th paragraph of said will it was further provided: " In case of the death of any one of my sons leaving him surviving a wife born before my death to pay one-third of the income of said share to

the said wife, quarterly, as long as she shall live, for her maintenance \* \* \*."

Abigail Hancock Bishop, the petitioner, was married to James C. Bishop, one of the sons of said Heber R. Bishop, on December 14, 1891, prior to the death of said Heber R. Bishop, and was living with him as his wife on December 2, 1902, the date of the death of said Heber R. Bishop, and thereafter continued to live with said James C. Bishop as his wife until the year 1913, when as the result of an action for absolute divorce brought by her, a decree of divorce was entered in the Supreme Court, New York county, dissolving the said marriage herein. It appears by the petition verified by the petitioner, and not denied or controverted, that the testator in his lifetime declared to the said petitioner and others that he intended to and had provided for said Abigail Hancock Bishop in and by his said last will and testament. Is the petitioner, Abigail Hancock Bishop, the person intended to be identified by the testator as the " wife born before my death " of his son James C. Bishop?

" *Second.* Did the testator, Heber R. Bishop, in the above-quoted provision in his will intend to refer to and identify the petitioner, Abigail Hancock Bishop, as the person who in the event of the death of James C. Bishop would be entitled as his wife born during the lifetime of the testator to receive one-third of the income of the share of the testator's residuary estate set apart and now held by the plaintiffs as trustees for the benefit of the said James C. Bishop, and is the said Abigail Hancock Bishop a necessary or proper party to this action?

" *Third.* James C. Bishop, beneficiary of one of the trusts created by said will and the defendant in the divorce action instituted by Abigail Hancock Bishop, the petitioner, defaulted in the payment of alimony awarded to the petitioner by order of the Supreme Court, dated January 25, 1921, and in an action thereon brought by the petitioner herein against the trustees under the will

of said Heber R. Bishop, deceased, and the said James C. Bishop, beneficiary of one of the trusts created by said will (for the purpose of securing a judgment sequestrating the income of the said trust fund for the benefit of James C. Bishop in payment of alimony awarded to said Abigail Hancock Bishop by the judgment of divorce above referred to), one George Z. Medalie was appointed receiver of the income of said trust fund. Said George Z. Medalie, as receiver, was made a party defendant in this action and has answered the complaint herein. Is the said Abigail Hancock Bishop, by reason of said judgment awarding alimony to her, and by reason of the pendency of said action, in which the said Medalie was appointed receiver at the time this proceeding was started, a proper or necessary party defendant to this action?

" *Fourth.* The said receiver was discharged by order of the Special Term of this court entered on the 14th day of March, 1923, and the plaintiffs herein as trustees were by said order directed to sequester and set aside, out of each quarterly payment of the income of the said trust fund created for the benefit of James C. Bishop as aforesaid when and as the same beomes due and payable, pursuant to the terms of said will of Heber Reginald Bishop, deceased, an amount sufficient to pay the sum of $192.31 each week until the next quarterly payment of said income becomes due, pursuant to the terms of said will, and to pay to the said Abigail Hancock Bishop, or to her attorneys, the said sum of $192.31 each week in payment and in satisfaction of the alimony directed to be paid to the said Abigail Hancock Bishop by the said judgment of divorce. Is the said Abigail Hancock Bishop, by reason of said order and the payments made and to be made pursuant thereto, a proper or necessary party defendant to this action?

" *Fifth.* In a proceeding· pending before a referee and undetermined at the time that this application was made, the petitioner, Abigail Hancock Bishop, claimed that by reason of the fraudulent concealment of his assets per-

39

petrated by said James C. Bishop, the court had been misled as to the proper amount of alimony to be allowed to her, and that because of this fact she, the petitioner, has failed to receive a large amount of alimony which the court, if it has the true facts before it, would have ordered the said James C. Bishop to pay to her, it appearing further that said James C. Bishop since 1916 had removed himself, his family and his assets without the state of New York, was then a non-resident and that the only available asset within this state known to petitioners was this trust fund and its income. Is the said Abigail Hancock Bishop, by reason of the pendency of that proceeding undetermined at the time this application was made, a proper or necessary party to this action?

"*Sixth.* Since the commencement of this proceeding an order has been made and entered by the Special Term of the Supreme Court, New York county, confirming the report of the referee in said proceeding last referred to, denying the application of the said Abigail Hancock Bishop in so far as she sought to set aside the previous order of the court in respect of the alimony on the ground of the fraud practiced by said James C. Bishop and granting the application in respect of, and imposing a fine upon the said James C. Bishop of $2,650, for his contempt and violation of the decree of divorce of this court in withholding from petitioner their infant daughter whose custody under the said decree of divorce had been awarded to her, whom the said James C. Bishop had removed and maintained without the jurisdiction of this court, and awarding said amount to plaintiff in payment of expenses actually incurred by her in seeking to regain possession of her said daughter, which said fine has been heretofore paid by said James C. Bishop. Since that time the said Abigail Hancock Bishop has appealed to this court from so much of the order denying her application to re-open said prior alimony proceedings upon the ground of fraud and concealment of assets on the part of said James C. Bishop, which said appeal is pending

undetermined in this court. Is the right, if any, of the petitioner, Abigail Hancock Bishop, to be brought in as a party defendant to this action (because of the pendency at the time this proceeding was commenced of the said proceeding before the referee and the still undetermined final status thereof) affected by the subsequent entry of said order denying her application for the payment of back alimony, she having appealed therefrom and said appeal still pending undetermined?

" Seventh. Do the provisions of section 193 of the Civil Practice Act entitle a person who alleges that he has an interest in the subject-matter of the action, which allegation is denied by other parties to the action, to intervene therein, and have the question, whether or not he has an interest in the action, determined upon the trial thereof? "

*Heber Smith* and *Henry Hill Anderson* for appellants.

*Edgar Bromberger, Henry W. Jessup* and *Ralph O. L. Fay* for respondent.

*Per Curiam.* Upon all the facts set out in the record on appeal we think the court had jurisdiction to determine that the respondent Abigail Hancock Bishop was a proper party defendant and to bring her into the action.

None of the questions certified, however, embraces all the facts necessary to support such an order and there is no question certified which can be answered Yes or No, and which would determine the appeal.

The appeal should, therefore, be dismissed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., not voting.

Appeal dismissed.